**J. I. CASE CREDIT CORPORATION
et al., Appellants,**

**v.**

**C. K. MORRIS, Appellee.**

**No. 14834.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1970.

Trueheart, McMillan, Russell & Hoffman, San Antonio, for appellants.

Matthews, Nowlin, Macfarlane & Barrett, Luther H. Soules, III, San Antonio, for appellee.

BARROW, Chief Justice.

This is a suit by appellee, C. K. Morris, to recover the sum of $11,500.00 from appellants, J. I. Case Credit Corporation and J. I. Case Company, under the terms of an agreement incorporated in a judgment entered in Cause No. F–165,891, styled J. I. Case Credit Corporation v. Jim Morris d/b/a Industrial Machinery Company. Such judgment was appealed to this Court where it was reformed in part and reversed and rendered in all other respects. See Morris v. J. I. Case Credit Corp., 411 S.W.2d 783 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.). Both parties moved for summary judgment herein based on certain stipulations and certified copies of instruments filed in the original suit. The trial court granted judgment whereby appellee recovered the sum of $11,500.00,

plus interest from January 5, 1966, at the rate of 6% per annum. Appellants have duly perfected this appeal wherein they urge that a take nothing summary judgment should have been granted them.

A detailed history of the original suit is set forth in our prior opinion. It is sufficient to state here that appellant J. I. Case Credit Corporation sued Jim Morris, a franchised dealer for J. I. Case Company, to recover balances due it on an open account. Jim Morris urged that the dealership contract violated the Texas Anti-Trust Statutes [1] and hence all transactions were illegal, void and unenforceable. Jim Morris filed a cross-action against Case Credit and its alter ego, Case Company, wherein he sought to recover the sum of $48,539.87 for unsold equipment, the sum of $200,000.00 for defective equipment, and additional sums for various credits and allowances allegedly due him. Judgment was entered whereby Case Credit recovered judgment non obstante veredicto against Jim Morris for the sum of $103,836.57, plus attorney's fees of $729.97. On appeal, this judgment was reformed to provide that the District Clerk deliver to Case Credit the sum of $29,429.87 then in the registry of the court, and in all other respects the judgment was reversed and rendered that the parties take nothing by their respective claims asserted therein.

The cause of action asserted herein by appellee, C. K. Morris, father of Jim Morris, arose as follows: Shortly after the original suit was filed, eight machines which had been delivered to Jim Morris by Case company were sequestrated by Case Credit and sold at sheriff's sale. The sale proceeds of $29,429.87 were deposited in the registry of the court. Several months later, and after the defense of the Texas Anti-Trust Statutes had been asserted by Jim Morris, two other machines were sequestrated by Case Credit. Replevy bonds were filed by Jim Morris, with E. E. Olshansky and appellee, C. K. Morris, as sureties thereon, and these two machines were returned to Jim Morris. Under the judgment of the trial court in the original suit, Case Credit was entitled to a foreclosure on said two machines with the proceeds of the foreclosure sale to be credited on the account found due in the amount of $103,836.57. Rather than have a conditional judgment against him, appellee, C. K. Morris, entered into an agreement with Case Credit and Case Company which was incorporated in the original judgment whereby he conditionally paid them the agreed value of said two machines, to-wit, $11,500.00. The judgment provided in part that, based upon such agreement, repayment of this $11,500.00 with 6% interest to C. K. Morris by Case Credit was "conditioned upon a final reversal of this judgment as concerns said two machines." The two replevy bonds were then cancelled and the two sureties dismissed from the suit. After our mandate was issued in said original suit,[2] demand was made by C. K. Morris upon Case Credit and its alter ego, Case Company, for repayment of such sum of $11,500.00, and upon their refusal this suit was brought.

1.  Art. 7426 et seq., Vernon's Ann.Civ.St.

2.  The mandate provides:
    "This cause came on to be heard on the transcript of the record, and the same being examined, it is the opinion of the Court that there was error in the judgment of the Court below. It is therefore considered, adjudged and ordered that said judgment be, and it is hereby reformed to provide that the District Clerk deliver the sum of $29,429.87, now in the registry of the Court, to the Appellee, J. I. Case Credit Corporation, and in all other respects the judgment of the Court below is reversed and judgment here rendered that Appellees, J. I. Case Company and J. I. Case Credit Corporation, take nothing by their respective claims asserted herein against Appellant, Jim Morris, and that Appellant, Jim Morris, take nothing by his claims asserted herein against Appellees, J. I. Case Company and J. I. Case Credit Corporation."

**114**

Was the judgment of the trial court in Cause No. F–165,891 reversed on appeal as concerns said two machines? It seems clear that it was. Case Credit recovered judgment in the trial court against Jim Morris on its account for the sum of $103,836.57. On appeal, the sum of $29,729.87 in the registry of the court, which had been obtained from proceeds of the sale held prior to the assertion by Jim Morris of the invalidity of the contract, was ordered delivered to Case Credit. In all other respects, the judgment was reversed and rendered that Case Credit and Case Company take nothing by their claims asserted against Jim Morris. The judgment of $103,836.57 was thereby reduced to the sum of $29,429.57, which has been fully paid. Case Credit, therefore, was ordered to take nothing as to its claim for $11,500.00 which was represented by the two replevied machines in question.

Appellants assert, however, that since Jim Morris complained by his motion for rehearing and by his application for writ of error that the Court of Civil Appeals erred in not ordering Case Credit to repay said sum of $11,500.00, C. K. Morris is precluded, on the principle of res judicata, judicial estoppel, or law of the case, from now litigating this claim. We do not construe the actions of the appellate court in overruling said motion and denying the application for writ of error as barring C. K. Morris' right to assert this claim to recover under the agreement which was conditioned upon the final outcome of the original suit. There were no points in the brief of either party to the original appeal relating to such agreement. Probably the reason for such omission was that the agreement was contingent upon the final outcome of the case. Until the trial court judgment became final, nothing was owed under the agreement. However, in any event our judgment denying Case Credit all relief except for the sum of $29,429.87 necessarily disposed of the claim for $11,500.00 which was secured by the two machines involved in the agreement sued on

herein. Therefore, there was no necessity to write further on motion for rehearing. Our failure to do so does not bar this suit by appellee.

The trial court's judgment in the original suit was reversed on appeal as concerns said two machines. Therefore, under the terms of the agreement entered into by said parties, appellee was properly awarded judgment against appellants for said sum of $11,500.00, together with interest as provided in the agreement.

The judgment is affirmed.